UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY CHAVEZ,<br><br>    Defendant. | No. 1:25-cv-01837-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2) |

Plaintiff is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 12, 2025, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)  In consideration of the information provided, the Court finds Plaintiff's application demonstrates entitlement to proceed without prepayment of fees.

"Notwithstanding any filing fee . . . the court shall dismiss a case if at any time if the Court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  "Section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are

1

1  not limited to prisoners," and dismissal required of *in forma pauperis* proceedings which seek
2  monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.
3  1995) (Section 1915 "authorizes a court to review a complaint that has been filed *in forma*
4  *pauperis,* without paying fees and costs, on its own initiative and to decide whether the action has
5  an arguable basis in law before permitting it to proceed.").[1]  The Court shall exercise its discretion
6  complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on
7  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
8  such relief." 28 U.S.C. § 1915(e)(2).

9  Therefore, notwithstanding this order, the Court does not direct that summonses issue or
10 service be undertaken until the Court screens the complaint in due course and issues its screening
11 order.  See Ross v. Padres LP, No. 17-CV-1676 JLS (JLB), 2018 WL 280026, at *2 (S.D. Cal. Jan.
12 3, 2018) ("28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the
13 IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal
14 to effect service."); Rosiere v. United States, No. 217CV02468APGPAL, 2018 WL 7357399, at *1
15 (D. Nev. Sept. 10, 2018) ("Pursuant to § 1915(e), federal courts may screen any IFP complaint—
16 without regard to prisoner status—before allowing the case to move forward, issuing summons,
17 and requiring an answer or responsive pleading."), report and recommendation adopted, No.
18 217CV02468APGPAL, 2019 WL 690351 (D. Nev. Feb. 19, 2019).  Defendant is not required to
19 file an answer or other pleading in response to Plaintiff's complaint until after the Court has
20 completed its *sua sponte* screening process to determine whether Plaintiff states any cognizable
21 claims.
22 ///
23 ///
24 ///
25 ///
26

---

[1] Cato, 70 F.3d at 1106, cited to the previous version of 18 U.S.C. § 1915(d), prior to amendment in 1996, which read in relevant part that the court "may dismiss the case . . . if satisfied that the action is frivolous or malicious." 18 U.S.C. § 1915(d) (1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, (ECF No. 2), is GRANTED; and
2. No summons shall issue in this action until the Court issues its screening order pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

Dated:  **December 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge